UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL VESPA** | : | **CIVIL ACTION NO. 13-1933** |
| **NO. 18176-101** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN FCI OAKDALE** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an application for the writ of *habeas* corpus filed by *pro se* petitioner Michael Vespa ("petitioner"). Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons, **IT IS RECOMMENDED** that the application be **DENIED AND DISMISSED WITH PREJUDICE.**

### I. BACKGROUND

On April 29, 2009, petitioner pleaded guilty in the Lafayette Division of this court to one count of failing to register as a sex offender in violation of 18 U.S.C. § 2250. *United States v. Vespa*, No. 6:09-cr-6-1 (W.D. La. 2009), doc. 29.  On August 27, 2009, petitioner was sentenced to seven years imprisonment to run concurrently with a state sentence he was already serving. *United States v. Vespa*, No. 6:09-cr-6-1 (W.D. La. 2009), doc. 31.  Petitioner appealed the sentence to the United States Fifth Circuit. Doc. 1, p. 2.  The Fifth Circuit dismissed the appeal

as frivolous on September 3, 2010. *United States v. Vespa*, No. 09-30854 (5th Cir. 2010). Petitioner did not seek further direct review in the United States Supreme Court.

On August 6, 2012, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the Lafayette division. *United States v. Vespa*, No. 6:09-cr-6-1, doc. 53 (W.D. La. 2009). In his motion to vacate, petitioner asserted that his prosecution was in violation of the "Petite Policy" against dual and successive prosecutions in state and federal courts arising out of the same facts so that his federal prosecution constituted double jeopardy. *Id.* He also argued that he received ineffective assistance of counsel at trial and at the appellate level because counsel failed to raise objections based on the "Petite Rule" or double jeopardy in the district court or on appeal. *Id.* Because petitioner filed his motion to vacate more than one year after his conviction became final, the court denied the motion as time-barred under 28 U.S.C. § 2255. *United States v. Vespa*, No. 6:09-cr-6-1, doc. 57 (W.D. La. 2009).

On June 17, 2013, petitioner filed his *habeas* application in this court. Doc. 1. He again argues that his conviction was unlawful due to his counsel's ineffective assistance, specifically his failure to raise objections based on the "Petite Rule" or double jeopardy.

## II. LAW AND ANALYSIS

As the Fifth Circuit has noted, "28 U.S.C. § 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) (citing *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). By contrast, "a section 2241 petition is used by federal prisoners to attack "the manner in which a sentence is carried out or the prison authorities' determination of its duration . . . ." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a motion to vacate under § 2255. *Id.* at 452.

Petitioner has already filed a motion to vacate in the sentencing court. *United States v. Vespa*, No. 6:09-cr-6-1, doc. 53 (W.D. La. 2009). Accordingly, before petitioner may invoke this court's jurisdiction to hear a second or successive section 2255 motion, he must move in the appropriate court of appeals for an order authorizing the district court to consider the application 28 U.S.C. § 2244(b)(3)(A). Because petitioner has not received such authorization, this court lacks jurisdiction to construe the petition as a successive § 2255 motion.

Petitioner may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). This "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

Petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). He must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense; and (2) the claim was foreclosed by circuit law at the time when it should have been raised at trial, appeal, or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The fact that a prior section 2255 motion was unsuccessful or that the petitioner is unable to meet the statute's second or successive requirement does not make the remedy inadequate or ineffective. *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

In this case, petitioner has neither alleged nor demonstrated that the savings clause is applicable. Therefore, his application must be dismissed for lack of jurisdiction.

## III. CONCLUSION & RECOMMENDATION

For the foregoing reasons:

**IT IS RECOMMENDED** that the application be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 12th day of June, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE